Skipwith *v.* Dodd.

In the absence of a showing to the contrary, it is presumed that the decision of the court below is correct.

ON appeal from the probate court of Jefferson county.
The opinion contains the facts.

*G. Winchester*, for appellant, filed an elaborate written argument.

*G. S. Yerger*, on the same side.

*Guion & Baine*, for appellees.

## G. G. SKIPWITH *vs.* WILLIAM DODD.

The statute (H. & H. Code, 465) relative to work to be performed on levees out of repair in the counties therein named, and making the amount charged a lien upon the land on which the levee is repaired, requires that the work shall be let out to the lowest bidder; and that the person who takes the contract shall have his account certified to by the commissioner of levees, before the lien can be enforced. *Held*, that these requisites have not been complied with in this case.

Where an agreement to sell land is a verbal one, it will not authorize a specific performance, or the enforcement of the pretended lien in a court of equity.

The court will not interfere to stay waste in a case of doubtful title; and no title in S. is shown to the land in controversy.

On appeal from the superior chancery court; Hon. Stephen Cocke, chancellor.

The opinion of the court contains a statement of the facts of the case.

*J. F. & G. P. Foute*, for appellant,

Filed an elaborate brief, in which they commented on and referred to the following authorities: 2 Story's Eq. Com. 193; Jeremy's Eq. 335–337, and cases cited; Eden's Inj. 159; Cooper, Eq. 37; 2 Story's Eq. Com. 140; Ib. 155; Jeremy's Eq. 365–367, &c.; 2 Saund. R. 167; 2 Whel. Am. Dig. 56, and cases cited; 1 Paige, 278; *Gillespie* v. *Moore*, 2 Johns. Ch. R. 585; *Rosevelt* v. *Hale*, 2 Cow. 120; *Smith* v. *Smith*, 4 Bibb, 81; *Hunt* v. *Rousmaniere*, 1 Peters, 2; Ib. 13; *Young* v. *Young*, 2 Bibb, 270; Acts Leg. 39, 421; 1 Johns. Ch. R. 57; Ib. 417–427; Caine's Ca. 344; 7 Johns. Ch. R., index, 207.

*W. C. Smedes*, for appellee, filed no brief in the papers.

Mr. Justice Fisher delivered the opinion of the court.

The appellant filed his bill in the superior court of chancery, enjoining the appellee from committing waste on certain lands named in the bill. The defendant below filed a general demurrer to the bill, which was sustained by the chancellor, and the bill dismissed; from which decree, the case is brought to this court by appeal.

The bill presents this state of facts. The complainant, in the year 1843, was appointed, by virtue of the act of 1839, one of the levee commissioners in the county of Washington. One West, a resident of the county of Jefferson, was the owner of a tract of land on the Mississippi river, in said county. The levee on this land was considered in great danger of breaking, and thereby causing great damage, from an overflow of the river, to the neighborhood. West was, by letter, notified to re-

Skipwith *v.* Dodd.

pair his levee, which he failed to do. After certain proceedings had under the statute, the contract for repairing said levee was let out to the lowest bidder, by virtue of the statute, to one J. P. Cunningham, at the sum of $500. He failed to comply with his contract, and have the necessary work done.

Complainant, conceiving it his duty to have the levee repaired, undertook and performed the work himself, for which he charges the sum of $500, and insists that he has a lien on the land for the same. The statute on this subject is in these words: " Whenever any work shall be let out under the provisions of this act, it shall be the duty of the inspector in whose section the work is to be done, to see that the same is to be executed agreeably to the contract; and the person performing said work, or causing the same to be done, shall receive from the proprietor of the land on which the said work was done, an account certified by the inspector of the section in which the work was done, which certificate shall be received as conclusive proof of the claim, recoverable in any court of justice in this State; and said claim, so certified, shall operate as a lien upon said land." How. & Hutch. 465. It thus appears that, to constitute a lien, at least two things are necessary, to wit, that the work was let out to the lowest bidder, and that the party's account was duly certified by the commissioner, &c. These facts do not exist, or at least are not averred as to the claim of complainant; and he has, therefore, no lien on the land.

The next question in the bill arises on the allegations that said land was sold for taxes; that one Sheppard Brown purchased the same at tax sale; and that complainant purchased from Brown. The land sold was in section 13, and the deed calls for land in section 15. The bill avers that the land was correctly described when sold, but that the officer made a mistake in conveying the same. Without deciding the point, that a bill could or could not be entertained for the purpose of reforming such a deed, we deem it only necessary to state, that it clearly appears by the bill that the complainant did not purchase the land from Brown with a view of acquiring a title, or holding it under said purchase. He only purchased it for the purpose of coercing West to pay the charge of $500 for work

done on the levee, which West refused to pay when the demand was made upon him.

The third point is, that West promised to sell the land to complainant at some price not stated in the bill; that complainant was to be allowed, as part payment of the purchase-money, the $500 account and the sum paid Brown in the purchase of the land under the tax deed. This was, if an agreement at all, a verbal agreement. That West, in violation of this agreement, sold the land to the defendant below. This is the whole title shown by the complainant to the land, upon which he prays that the defendant may be enjoined from committing waste. So far from showing a title, he has not presented a case in which a court of equity would be authorized to decree a specific performance, or enforce the pretended lien. A court of equity will not interfere to stay waste in a case of a doubtful title. Here, not merely a doubtful title is shown, but no title at all to the land in controversy.

Decree affirmed.