CHARLES R. WOODS v. ED. RILEY ET AL.

72  73
76  921

1. CHANCERY COURT.    Jurisdiction.    Injunction.    Waste.    Const. 1890,
      §§ 159, 160.
    Under §§ 159, 160, constitution 1890, vesting jurisdiction in the chan-
    cery court of all cases in which it had jurisdiction when the con-
    stitution was adopted, and of all cases where it formerly exercised
    auxiliary jurisdiction to courts of law, although the legal remedy
    may not be exhausted or the legal title established, where, on a
    bill to cancel title to land, a decree is rendered against complain-
    ant, from which he appeals, he may maintain a bill to enjoin the
    defendant (though in possession, claiming title adversely) from
    cutting trees on the land, the timber constituting its chief value,
    and the defendant being insolvent. *Eskridge* v. *Eskridge*, 51 Miss.,
    522, explained.

2. INJUNCTION.    Dissolution.    Former suit.    Waste.
    In such case, the injunction will not be dissolved upon the ground
    that it should have been applied for in the first suit, it appearing
    that the defendant had begun to cut the timber after the decree
    and appeal therein.

FROM the chancery court of Sunflower county.
HON. W. R. TRIGG, Chancellor.
The opinion states the facts.

*J. Holmes Baker*, for appellant.

1. Admitting the proposition of opposite counsel to be true,
that ordinarily appellant's remedy would have been by supple-
mental bill, the rule has no application, because the bill was
filed after the former case had been decided and an appeal had
been taken therein.  There was then no pending case in the
chancery court, and it did not have jurisdiction to grant an in-
junction.

2. Although it may be the correct rule, in cases where the
object is to prevent ordinary waste or trespass, to hold that an
injunction does not lie when the defendant is in adverse possession,.

it is not the rule where it is shown that the injury will be irreparable and the defendant is insolvent, or where it is shown that the title to the property is in litigation, and the injunction is only prayed *pendente lite.* These features did not exists in *Eskridge* v. *Eskridge,* 51 Miss., 522, and other cases cited by opposite counsel.

Whatever the rule may have been in the past, the courts have long since enlarged their jurisdiction so as to reach cases of adverse claims and rights not founded in privity, as, for instance, the case of trespass attended with irreparable mischief. 2 Story on Eq. Jur., §§ 918, 919; *Livingston* v. *Livingston,* 6 Johns. (N. Y.), 497; *Wadsworth* v. *Goree* (Ala.), 10 So. R., 848; 10 Am. & Eng. Enc. L., 820.

*Jayne & Watson,* for appellees.

1. In *Poindexter* v. *Henderson,* Walker (Miss.), 176, the doctrine is laid down that injunction will not lie to restrain waste when the defendant is in possession by adverse title. This is affirmed in 1 How. (Miss.), 108. Nor will equity interfere to stay waste in a case of doubtful title. *Skipwith* v. *Dodd,* 24 Miss., 487. These cases are cited with approval in *Eskridge* v. *Eskridge,* 51 Miss., 522, where the court says that if there be any dispute as to the title, the equitable remedy cannot be invoked.

2. The second ground upon which we rely is supported by even those courts which hold an action of waste will lie when the title is in dispute, and the property is held adversely. They decide that it is necessary that the bill should be filed in the cause in which the title is involved. *Duvall* v. *Waters,* 1 Bland's Ch. (Md.), 569; 18 Am. Dec., 350.

3. Complainant had no such estate as would entitle him to maintain the bill. The relief to restrain waste is usually granted at the suit of the remainderman, or reversioner against the tenant who is guilty of acts of permanent injury. *Smith* v. *Poyas,* 2 Dessausure (S. C.), 65.

COOPER, C. J., delivered the opinion of the court.

The appellant exhibited his bill against the appellees, alleging that he is the real owner of the land therein described and that the appellees are in possession thereof, claiming title adversely; that he had theretofore proceeded in equity against appellees for a cancellation of their title, and, on final hearing, the court had decreed the title of appellees to be valid, and from that decree he had prosecuted an appeal to the supreme court, which was then pending and undetermined; that the principal value of the land consisted of the timber growing thereon, which the appellees were about to cut and remove from the land, and that they were insolvent and unable to respond in damages. An injunction was prayed and obtained restraining the appellees from cutting the timber until the rights of the parties should be determined. The defendant moved to dissolve the injunction on the face of the bill, and, on a hearing, a decree was made dissolving the injunction and awarding damages on the injunction bond. From that decree this appeal is prosecuted.

In support of the decree it is said:

1. That a court of equity will not enjoin the commission of waste by one in possession of land, claiming adversely to the complainant, the complainant's title not having been established by an action, and that, in face of the decree against complainant's title in the former controversy, no relief can be granted to him as against those determined by that decree to be the true owners.

2. That, if complainant, by any proceeding, could have secured an injunction, it should have been prayed in the former litigation, from the lower court so long as the record of that cause remained there, and from this court after the appeal had brought that cause here.

The cases cited by counsel for appellees, *Poindexter* v. *Henderson*, Walker (Miss.), 176; *Nevitt* v. *Gillespie*, 1 How., 108; *Skipwith* v. *Dodd*, 24 Miss., 487; and *Eskridge* v. *Eskridge*,

51 *Ib.*, 522, fully sustain the contention of appellees on the first position, according to the principles of equity formerly prevailing.   The rule, however, rested upon the principle that parties having legal rights should be remitted to courts of law for their vindication, and the denial of jurisdiction in equity until the legal right should be established at law.   In modern practice the rule is nowhere so rigid as that which originally prevailed, and the tendency of courts of equity now is to extend relief temporarily, so as to protect against irreparable injury pending proceedings at law to establish the legal right.   In *Erhardt* v. *Board*, 113 U. S., 537, the complainants had sued at law to recover possession of a mining claim, and, pending the action, prayed and obtained an ancillary injunction to protect .the claim from waste pending the legal action.   The action at law was decided against the plaintiff, and thereupon the court dissolved the injunction, and the plaintiff appealed both causes. The judgment at law was reversed, and a new trial awarded, and it was decided that the injunction should be restored for the protection of the estate pending the action at law, the court saying:  "This doctrine (that a court of equity would not restrain the use and enjoyment of the premises by the defendant when the title was in dispute) has been greatly modified in modern times, and it is now a common practice in cases where irremediable mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extracting of ores from a mine, or the cutting down of timber, or the removal of coal, to issue an injunction, though the title to the premises be in litigation.   The authority of the court is exercised in such cases, through its preventive writ, to preserve the property from destruction pending legal proceedings for the determination of the title.   Beach on Mod. Eq., § 710."

But in this state the jurisdiction in equity in this class of cases by our constitution is lifted far above the region of doubt. By § 159 of that instrument, the general jurisdiction of chancery is conferred, and, by paragraph "*f*" thereof, is made to

extend to "all cases of which the said court had jurisdiction under the laws in force when this constitution is put in operation." Now, by force of the statute, when the constitution became operative, courts of chancery had jurisdiction to cancel clouds upon the title to land whether the complainant was in or out of possession, and whether the instrument assailed was in form a legal or an equitable title. Code of 1880, § 1833. In aid and extension of this statutory jurisdiction, it is declared by § 160 of the constitution that, "in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession and to displace possession; to decree rents and compensation for improvement and taxes; and in all cases where said court heretofore exercised jurisdiction auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law."

Clearly, the relief sought by the complainant in this cause is such as falls within the auxiliary or ancillary jurisdiction of equity, and which, under the former practice in equity, was generally withheld until the right at law had been established, but which, under the modern practice, was frequently afforded. The constitution not only destroys the obstacle which had formerly existed to the exercise of this auxiliary relief, but, as to the cases falling within paragraph "f" of § 159, § 160 confers jurisdiction upon courts of equity to try legal as well as equitable titles. If a court of law first acquires jurisdiction, equity may, without awaiting exhaustion of the legal remedy, afford auxiliary aid; if the court of equity first acquires jurisdiction, it may proceed to final and complete relief, though the titles and rights involved are of a legal, as distinguished from an equitable, character.

It may be that complainant stood in no need of the restraining process until after the determination in the court below of

the former suit, in which the title to the premises was adjudged against him.    By moving to dissolve on the face of the bill, the defendants admit the truth of the matters therein properly pleaded, and, this being so, a state of facts is shown entitling the complainant to relief.

*The decree is reversed, the injunction restored, and cause re-manded.*