## Digory W. Baker et al. v. National Biscuit Co.

1. INJUNCTIONS—*Pending Suits Involving Property Rights.*—An injunction restraining a tenant from removing certain trade fixtures from the demised premises pending a suit involving the right of such removal was properly granted in this case.

Interlocutory Order, granting an injunction. Appeal from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed July 23, 1901.

EDWARD W. CULLEN, attorney for appellants.

PECK, MILLER & STARR and GREEN, HONORE & PETERS, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an interlocutory order granting an injunction.

Appellee was a tenant of appellants, and the former's assignor had erected upon the leased premises certain ovens, a boiler, and other fixtures used in appellee's business, which the latter was about to remove before the expiration of the lease. This, however, it was prevented from doing by an injunction obtained by appellants restraining such removal, upon a bill of complaint in which appellants set up a claim to said fixtures as part of the freehold and not removable by the tenant. Upon the final hearing that injunction was dissolved, but pending appeal from such final order, appellants obtained in the Appellate Court an order continuing said injunction in force, and thereupon appellee filed the present bill. Its object was to prevent appellants from taking possession of, leasing or otherwise interfering with the fixtures in controversy pending the appeal which said appellants had taken from the order dissolving the injunction so obtained by them. Having obtained an order in effect continuing in force the injunction restraining appellee from removing said fixtures pending such appeal, appel-

lants had effectually tied the hands of appellee, and according to the bill of complaint now under consideration were intending themselves to appropriate the property in dispute pending the determination of the appeal in this court involving their right so to do. In order, therefore, to preserve the *status quo* until the question of ownership of the fixtures should be decided, this bill was filed and injunction granted.

The order of the Circuit Court dissolving the injunction obtained by appellants which restrained appellee from removing the fixtures in dispute having now been affirmed (Baker v. McClurg) at the present term, the decision in that case is conclusive in this. It having been determined that appellee is entitled to remove the property in question as trade fixtures, and it having been prevented from so doing by the wrongful action of appellants, we regard the interlocutory injunction herein complained of as properly granted under all the circumstances.

The order of the Circuit Court is therefore affirmed.

Mr. Justice WATERMAN, having presided at the hearing of this case in the court below, took no part in the determination of the matter in this court.