BOMER  BROS. ET AL. *v.* WARREN  COUNTY.

[60 South. 328.]

1. DISCOVERY.  *Equity.  Right.  Jurisdiction.  Complete relief.  Constitution 1890, section 160.*

Where a county leased sixteenth section school land to a lessee who sold the timber on the land to another and this vendee sold to still another party and all the parties cut and wasted the timber on said land and the county is unable to ascertain the quantity and kinds of timber on the land cut by each of such parties, that fact being exclusively within the knowledge of said parties, a bill by the county against all of said parties will lie, to obtain information showing the timber so cut by each, to the end that proper recovery may be made from each.

2. SAME.

Where several persons are participants in a fraud on plaintiff, he may file a bill of discovery against all of the participants jointly although such persons have distinct interests and participate in different degrees in the fraud, provided the fraud consisted of one connected series of acts.

3. EQUITY.  *Jurisdiction.  Complete relief.  Constitution 1890, section 160.*

Where the chancery court takes jurisdiction for the purpose of discovery, it may grant full relief in the case, under the power conferred by the Constitution 1890, section 160, providing that where the court heretofore exercised jurisdiction auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted, or the legal title established by suit at law.

APPEAL from the chancery court of Warren county.

HON. E. N. THOMAS, Chancellor.

Bill in equity by Warren county against Bomer Brothers and others. From a decree overruling a demurrer to the bill defendants appeal.

The facts are fully stated in the opinion of the court.

*Thos. McKnight,* for appellants.

The subject-matter of this suit, a claim for the value of timber, properly belongs to the jurisdicition of the circuit court.  In order that this suit for the value of timber alleged to  have been cut or destroyed may be tried in the chancery court there must be shown some grounds of equity jurisdiction.  Appreciating this fact, the learned counsel for the appellee has undertaken by his last bill to stay in chancery on three grounds: First, discovery of how much was cut by each, and the date or dates of such cutting; second, to avoid a multiplicity of suits; third, "to enforce and carry out the trust in said lands."  Now unless some one of these grounds is good he is not entitled to discovery, and if he is not entitled to discovery the chancery court ought not to retain jurisdiction of this case, and  appellants' demurrer ought to have been sustained.

Let us look at these in their order:

First.  After alleging a transfer of title to Mrs. Cowan and from her to I. M. Donnell & Son, and from I. M. Donnell & Son to Bomer Brothers, it then, without alleging any transfers of title whatever to the other defendants, alleges that the other defendants cut, and that the cutting was done through a series of some six or eight years. It then asks for a decree against Mrs. Cowan for the full alleged value of the timber, and for a decree against each of the other defendants for such part as he may be held liable for, and if any  one fails to discover, then a decree against such defendant jointly with Mrs. Cowan for such part of the sum sued for as the other defendants are not adjudged to be liable for, or in other words, if none of them discover, then appellee asks a decree against Mrs. Cowan and all the defendants jointly for the alleged amount of damages in the aggregate as alleged to have been done by all of the defendants.  If appellee is entitled to this sort of a decree, what need

has it for discovery?   If the wrong sued for was joint. then all things being equal, it would be entitled to such a decree, and in a suit in the circuit court, for such a joint wrong, it would be entitled to a judgment for the whole amount of damages shown against all the defendants jointly, and the question of what each cut would be one of defense for each of the defendants and of no concern to the appellee; and it is, therefore, not entitled to discovery for the purpose of knowing what each cut. What each cut is immaterial and, therefore, not the subject of discovery.   6 Ency. Pl. and Pr., pp. 767f and 804e, and cases cited.

Since the statute of limitations does not run against the county, and inasmuch as the county could fix in its declaration in the circuit court such date as would be most advantageous to it as to any question of the value of timber or of interest, it necessarily follows that the date or dates of the cutting inside of the general time which is shown to be known and is alleged in the bill as six years, is immaterial, but, this "kicks harder than it shoots," because it answers the second alleged equitable ground, which is:   To avoid a multiplicity of suits; so in answer to the second:   If the alleged cutting happened at different dates, and if done by six different parties, some of whom are shown by the bill to be holders of the lease to the lands involved and, therefore, guilty of waste, and others having no lease and being mere trespassers and, therefore guilty of trespass, then appellee had no right to go into equity in order to avoid a multiplicity of suits.   There is no community between a claim for waste committed at one time and trespass committed at another.   There is no "community of interest in the subject-matter of the controversy." There is no "common right or title involved."   *Tribette* v. *Railroad*, 71 Miss. 212.   "And it is not enough that there 'is a community of interest merely in the question of law or of fact involved.'"   Same quoting Pomeroy par. 268.

The Third: "To enforce and carry out the trust in said land." This is not a suit for the enforcement of any trust. It is for the recovery of the value of timber. When, or if, recovery is had, the money recovered would be held in trust for the township, but this does not furnish grounds for bringing in the chancery court a suit which properly belongs to the circuit court. If so, then every trustee who brings a suit for the recovery of property which he holds in trust would have the right to file a bill in equity. Further comment on this proposition seems to be unnecessary.

It is, therefore, submitted that no right to discovery is shown, that this is not a case for the application of the rule as to multiplicity of suits, and that this is not a suit for the enforcement of a trust, and that from these it follows, that the chancery court had no jurisdiction of this case.

This is a fishing bill. See *George* v. *Solomon*, 71 Miss. 168; *Adams* v. *Griffin*, 85 Miss. 1. It has "fished" since 1908 and until by this last amendment it shows that the appellee has all of the material information necessary to the bringing of a suit against each of the appellants which it has done by amending the bill originally filed against the appellant, E. J. Bomer, by making several other persons parties thereto, in violation of the rule of law which is thus stated in 6 Ency. of Pl. & Pr., p. 771:

"There has been no instance, it is apprehended, of a case in which an amendment of a bill of discovery by adding parties has been allowed."

Appellee seeks to compel appellants to confess a liability which would subject some of them, at least those who had no title and merely trespassed upon the land to a penalty, or have a tendency thereto. 6 Ency. of Pl. & Pr., p. 779 and note 1 and numerous cases there cited.

Appellee has, it is submitted, been guilty of unexplained laches in waiting from 1898 till 1908 before bring-

ing this suit against E. J. Bomer, and in waiting from 1898 till 1911 before bringing in by amendment to its bill for discovery, the other defendants to this suit, as far at least as discovery is concerned. The application for discovery "will be denied where the party applying is guilty of laches in making the application and the laches is unexplained." 6 Ency. of Pl & Pr., p. 794.

It is most respectfully submitted that the honorable court below erred in overruling the demurrer of the appellants, and that the decree of the court below ought to be reversed.

*J. B. Dabney*, for appellee.

It is contended by appellants that the chancery court has no jurisdiction of the bill filed herein, but that separate actions at law should have been brought against the several defendants.

We submit that said court has jurisdiction of said bill, on the following grounds: 1. Discovery and accounting; 2. to avoid a multiplicity of suits; 3. to enforce the trust in said lands and 4. because the real complainants are infants.

1. Discovery. The jurisdiction of this court in proper cases of discovery is not, of course, denied by counsel for appellants, but his contention is that this is not a proper case for discovery, because he says that appellee has asked for a decree against the lessee, Mrs. Cowan, jointly with the persons who cut the timber, for the whole amount of the damages, in the event that they fail to answer and make the discovery; that the bill is a fishing bill and that the discovery, if made, would subject defendants to a penalty.

The bill alleges that Mrs. Cowan, being the lessee, and having by her act in selling the timber been guilty of waste, and damaged the freehold of the lands, is liable for the full amount of such damage, and that each one of the

other defendants, being those who actually cut the said timber, is liable jointly with her for such part as he cut. Of course if all acted in concert, and were partners in the wrong, then they would be jointly and severally liable for the whole damage, but appellee is without knowledge on this subject, and after exhausting every resource to find out the facts, knows only that the cutting was done by the defendants, but has no information as to what connection, if any, they had with each other or how much of the damage was done by each.      If the other defendants were acting as the agents or employees of Bomer Brothers, who held the written contract, then the latter would be liable with them; while if they had independent agreements with Mrs. Cowan, Bomer Brothers would of course not be liable for such part as was cut by the other defendants. The possibilities of the situation are numerous, and appellee (complainant) is utterly in the dark as to what relation, if any, these various persons bore toward one another, or how much each cut.      Hence the right to a discovery, and after such discovery, an accounting of the value of the timber cut by each at the time of the cutting so as to ascertain the damage done by him to the freehold. The main body of counsel's argument in this connection is aimed at the prayer of appellee's bill, in which it is asked that the defendants who fail to make discovery be held liable for such part of the cutting as is not shown to have been done by the other.      A demurrer will not lie, we take it, to the prayer of a bill, especially where it asks for general relief.      The idea is that failure to answer and make discovery would be a confession on the part of a defendant that he was guilty of such part as had not been shown to have been done by the others, but if this position is not well taken, this particular relief may be denied without affecting the body of the bill or the jurisdictional question therein involved.      The question is, is the complainant entitled, under the allegations of the bill, to any relief, not necessarily to the particular relief asked in the prayer, which prays also for general relief.

The bill alleged that the other defendants acted under some supposed right conferred either by Bomer Brothers or Mrs. Cowan, and Bomer Brothers acted under the attempted sale by Mrs. Cowan, so there was privity among the defendants; but even though there was not, we contend that the result is the same for present purposes.

In the case of *Mississippi Cotton Compress & Warehouse Co.* et al. v. *M. Levy & Co.*, 83 Miss. 790, 36 So. 281, it is held that where a consignee has no means of knowing whether a railway company or a compress company has possession of certain cotton shipped to him, each claiming that the other is liable for it, he is entitled to equitable relief by discovery, especially where the uncertainty as to liability was brought about by their joint action.

We submit that this case is directly in point, and that this is no more a fishing bill than that. In the case of *State* v. *Brown*, 58 Miss. 840, the following language is used and quoted with approval in the opinion in the Compress case above referred to:

"It is not true that equity has no jurisdiction of a cause because there is a remedy at law. If the remedy is inadequate to afford full and effectual relief, equity will afford relief, though the complainant might have sued at law."

In the case of *Enochs* v. *Mississippi Bank & Trust Co.*, 87 Miss. 325, 39 So. 529, discovery of the contents of a written instrument was sought "to enable the complainant to fix the liability where it was placed by the terms of said written agreement;" and the bill for this purpose was sustained. How much nearer a fishing bill was that then where, as in the case at bar, it is charged that the defendants are all liable, but the extent of the liability of each is unknown?

We will not go into an extended examination or discussion of the authorities relied on by counsel to sustain this contention, but will only say that the cases cited are wholly inapplicable and do not sustain his contention. They are as follows: *George* v. *Solomon*, 71 Miss. 168, and *Adams* v. *Griffin*, 85 Miss. 1.

Although complainant has not sought to enforce any penalty against defendants for the cutting of these trees, the counsel argues that complainant is not entitled to a discovery because it would subject defendants to a penalty. This contention is completely answered by the case of *Keystone Lumber Yard* v. *Y. & M. V. R. R. Co.*, et al., 50 So. 445, in which this same contention was set up, with reference to reciprocal demurrage charges, which defendants contended were penalties, but the supreme court, speaking through Chief Justice WHITFIELD, held that even if they were penalties, they were created by statute and not by contract (as is equally true in the instant case) and that the court of equity, having taken jurisdiction for the purpose of discovery, could administer full relief. This case contains a full discussion of equity jurisdiction in matters of this character, and we refer especially to it.

2. Multiplicity of suits. Since the filing of this amended bill, the rule established by this honorable court in the Whitlock case has been reversed by the late decision of *Telephone Co.* v. *Williamson* et al,. but we contend that inasmuch as there are other grounds upon which we have standing in a court of equity, the joinder of the actions against all of these defendants is perfectly proper. *Telephone Co.* v. *Williamson*, 57 So. 559.

3. Enforcement of trust. The sixteenth section school lands of Mississippi are held in trust for the inhabitants of the several townships for the support of their schools. The legal title is in the state and the school childern are the beneficiaries. This is trust property, and of this fact the world has notice. It is the settled law of Mississippi, established in the case of *Warren County* v. *Gans*, 80 Miss. 76, and followed through numerous subsequent decisions, that the lessee of a school section cannot cut the timber on said land for sale, but only in the process of clearing the land

for cultivation, or for estovers. Therefore, in doing so, the lessee unlawfully comes into possession of or converts to·his own use trust property, and those who participate beneficially with him in the same are, with him, in the attitude of trustees *in invitum* and are liable to the *cestuis que trust* for the property itself if to be had, ·or if not, then for its value. The county is the mere nominal complainant in this action, standing in the attitude of *prochein amie* to the school children of the township, and the suit is therefore brought by the beneficiaries under the trust, who have the right to go into chancery for the enforcement of their rights. 2 Pomeroy's Eq. Jur., section 980.

In the case of *Johns* v. *Williams & Black*, 66 Miss. 350, Judge COOPER, in delivering the opinion of the court, said:

"There are two grounds, either of which is sufficient to maintain the jurisdiction of the chancery court and entitle the complainants to relief. The first is, that complainants are equitable and not legal owners of the land and are seeking the cancellation of a lease made by the trustee in consideration, in part, of her private debt to the lessees, and the proper enforcement of the trusts upon which the land is held for them; the other is, that complainants are infants and for that reason are entitled to invoke the intervention of the court of equity or to charge, as bailiff or trustee, the recipient of the rents and profits of their lands, even if their title was legal instead of equitable. *Carmichael* v. *Hunter*, 4 How. 308; *Wathen* v. *Glass*, 54 Miss. 382."

In the case of *Newman* v. *Tillman*, 71 Miss. 26, a note payable to a decedent was desposited with the Newmans for collection and they applied the proceeds to the personal account of the administrator. The note was not indorsed by the payee or his representative. Held:

"These facts were sufficient to have put the Newmans on inquiry, and an inquiry would have shown that J. F.

Tillman was dead and his estate in process of adminis-
tration, and that Williams Wood & Company were
not entitled to the proceeds of the note when collected.
.  .  .  William Wood's supposed assumption of owner-
ship of the note, and William Wood's supposed author-
ization and direction to the Newmans to collect and
place to his credit, cannot avail the Newmans. They
knew, or could and should have known, that the money
to be collected was a trust fund, and its misappropria-
tion was beneficially participated in by them. By
settled law they must respond to the true owner."

In the case of *Buie* v. *Pollock*, 55 Miss. 309, Judge
SIMRALL said:

"A court of chancery will convert into a trustee *in
invitum* a party who has received money or property
which he ought not, in good conscience, to retain from
another. The doctrine is very broad and comprehensive
in its application—as, where a person purchases trust
property, knowing it to be such. . In such case the court
substitutes him *in invitum* in the place of the trustee,
and will compel him to hold the property subject to
the same trusts as the trustee himself held it."

REED, J., delivered the opinion of the court.

The county of Warren filed a bill seeking to recover
from the appellants the value of certain timber cut, des-
troyed, and removed from a certain sixteenth section
of land. We give in substance the facts stated in the bill.

Mrs. Annie M. Cowan, one of the appellants, is a
lessee of the school land in this case. On February
1, 1894, by instrument duly executed and recorded, she
attempted to convey to I. M. Darnell & Son the standing
timber on the land. On April 23, 1898, Darnell & Son,
by instrument duly executed and recorded, conveyed
all of their rights in the timber to Bomer Brothers,
appellants herein. Mrs. Cowan executed to Bomer
Brothers, two instruments, duly recorded, for consid-
eration in each instance, twice extending the periods

in which the timber might be cut and removed. The bill charges that, during the period of six years after the assignment by Darnell & Son, Bomer Brothers entered upon the land and cut and removed therefrom valuable timber, and that during the same period appellants Mat Cox, George C. Love, and W. K. Canaday, acting under some supposed right conferred upon them, either by Bomer Brothers or Mrs. Annie M. Cowan, entered in and upon the land, and cut and removed a great deal of such timber, and that all of defendants destroyed large quantities of valuable timber, cutting the same down, and leaving it to lie upon the ground and decay. An estimate is given of the value of timber cut and damages to the freehold from the unlawful and unwarranted cutting thereof to be the sum of four thousand dollars.

It is charged that Mrs. Cowan, the lessee, is guilty of waste, and that the appellants, each and all, are jointly liable with her for so much and such part of the damage as they respectively caused, and that the claims against the several appellants are practically identical, involving the same principle of law and same state of facts. It is averred in the bill that the county has been unable to ascertain the quanity and kinds of the timber on the land cut by each of the appellants, that the facts are exclusively within the knowledge of the appellants, and discovery is sought by the bill to obtain information showing the timber so cut by each appellant, to the end that proper recovery may be made from each.

Judgment is asked against Mrs. Cowan for the full amount, and against each and every one of the other appellants for such proportional part of the damage to the freehold as has resulted from the cutting or destruction of timber by each respectively. A demurrer to the bill was filed and overruled by the chancellor.

The jurisdiction of the chancery court in this case rests upon the proceeding for discovery. The county is making an effort to discover facts which are within the knowl-

edge of appellants.     The very fact that the timber was
destroyed, not by one party, but by several, alleged in the
bill to be the appellants, that the county has been unable
to obtain information showing the amount cut by each,
that the amount so destroyed by each is exclusively in
the knowledge of appellants, and that the disclosure of
the same will enable the county to make proper recov-
ery from each, is sufficient grounds for discovery in
this case.     The obtaining of this information is material
in the case, to the end that appellee may make proper
recovery from each party for waste committed by each
to the freehold of the land.     From the full presentation
of this case in the bill, it is clear that the chancery court
has jurisdiction for the purpose of discovery.

It is proper to join the several appellants in this pro-
ceeding for discovery.     In 14 Cyc. 311, we find the state-
ment that, "where several persons are participants in a
fraud on plaintiff, he may file the bill of discovery against
all of the participants jointly, although such persons have
distinct interests and participate in different degrees in
the fraud, provided the fraud consisted of one connected
series of acts."     In the case of *Robinson* v. *Davis*, 11 N. J.
Eq. 302, 69 Am. Dec. 591, we find the following announce-
ment of the law on this subject: "The charge is that they
combined with the other defendants to commit the fraud.
A complainant may properly make every one a party who
is participator in the fraud.     He has the right to do this
for the purpose of discovery."     The principle shown
in the quotation we have just made will control in the
present case.

Seeing that the chancery court has jurisdiction in this
case for the purpose of discovery, under the well-settled
rules of law in this state it may continue in the jurisdic-
tion so obtained and exercise the same to grant the further
relief sought in this case; and this is so, even though the
appellee may have its legal right and remedy in a suit
at law.     In the case of *Woods* v. *Riley*, 72 Miss. 73, 18

So. 384, it is stated:    "If a court of law first acquires jurisdiction, equity may, without awaiting exhaustion of the legal remedy, afford auxiliary aid; if the court of equity first acquires jurisdiction, it may proceed to final and complete relief, though the titles and rights involved are of a legal, as distinguished from an equitable, character."    In *Lumber Yard* v. *R. R. Co.*, 96 Miss. 116, 50 So. 445, Ann. Cas. 1912A, 801, in which the case of *Woods* v. *Riley, supra,* is referred to and approved, it is decided that:    "Where the chancery court takes jurisdiction for the purpose of discovery, it may grant full relief in the case, under the power conferred by Constitution 1890, section 160, providing that, where the court heretofore exercised jurisdiction auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted, or the legal title established by suit at law."

We see no reason, therefore, why the chancery court cannot properly try and decided this present case; for under the law the court of equity has full power to completely dispose thereof.    Besides, it seems clear to us that the appellants, each and all of them, can have their rights carefully and fairly adjudicated in the present proceeding. The decree of the court of equity may be adapted to all varieties of circumstances which may arise in the case, and be adjusted to all the rights of the parties in interest.

We believe that the chancellor was correct in overruling the demurrer, and the case is affirmed, with leave to appellants to plead or answer the bill within sixty days after the filing of the mandate in the chancery court.

*Affirmed.*