## Lenna Kulwin, Appellee, v. F. W. Harsh, Jr., Appellant.

### Gen. No. 28,760.

1. EQUITY—*when forcible detainer inadequate legal remedy.* A bill for accounting for rents collected by defendant from tenants of premises owned by complainant, for a receivership to collect rents and protect the property from waste and to enjoin defendant from collecting rents to become due and the tenants from paying them to him is not dismissible because of the existence of the remedy by unlawful detainer, defendant's rights as lessee of the apartment building in suit having been terminated, where the bill alleges that under the terms of the lease complainant had previously terminated defendant's tenancy and had recovered a judgment for possession of the premises from which an appeal taken by defendant is pending who retains possession through his subtenants and also alleges facts showing that irreparable loss will result to complainant unless repairs are promptly made on the premises which defendant refuses to make, another action of forcible retainer would afford no relief because of the defendant's right of appeal therein.

2. EQUITY—*jurisdiction in aid of pending appeal to preserve status quo.* A bill will lie in the circuit court by the owner of real property against a lessee in possession after the termination of his lease for the appointment of a receiver of rents from his subtenants in possession and for injunctive relief, notwithstanding the pendency of an appeal to the Appellate Court from a judgment against the defendant in forcible detainer, where the relief sought is for the purpose of maintaining the *status quo* of the property and the prevention of waste and irreparable damage to the complainant and is in aid of the jurisdiction of the upper court in the pending appeal.

3. EQUITY—*jurisdiction to determine right of possession of real property.* The circuit court has jurisdiction of a bill in equity for the appointment of a receiver of rents of premises, the possession of which is withheld by a tenant whose term has been terminated, and for injunctive relief against such tenant and his subtenants, pending an appeal by him from a judgment against him in forcible detainer, even though the principal question involved in the bill is the legal right of possession of the premises where it appears that such relief is necessary to maintain the *status quo* pending the appeal and to protect the complainant, who owns the property, from irreparable injury and to prevent waste.

4. RECEIVERS—*power of equity to entertain independent bill for*

*receivership.* A bill for the appointment of a receiver of rents from premises, the right to possession of which is in litigation between the complainant, owner thereof, and defendant, former lessee whose lease has been terminated, is within the jurisdiction of equity although the receivership is the principal relief sought in such bill, where the bill shows the necessity for such relief pending the result of the appeal in the other proceeding to prevent waste and irreparable loss to the owner, since a receivership may be ancillary to another pending proceeding.

Interlocutory appeal by defendant from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

ELLIS & WESTBROOKS, for appellant; RICHARD E. WESTBROOKS, of counsel.

RUDOLPH FRANKENSTEIN and H. J. ROSENBERG, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by the defendant, F. W. Harsh, Jr., in a suit in equity begun by the complainant, Lenna Kulwin. The equitable proceeding is brought in connection with an action at law in which an appeal was prosecuted to this court by the defendant and which appeal was decided on December 10, 1923, 232 Ill. App. 613.

The bill of complaint was filed while the appeal in the action at law was pending in this court. The bill, as amended, is substantially as follows: That Camille Schumacher was the owner in fee simple of certain real estate with improvements thereon situated in the City of Chicago; that she leased the premises, consisting of nine apartments, to the defendant, F. W. Harsh, Jr., for a term of years expiring on May 31, 1923; that the lease contains a provision allowing the lessor to terminate the lease at any time during the term if the lessor should sell the premises, provided

that thirty days' written notice was given to the lessee; that the defendant subleased all of the nine apartments to various subtenants, who are occupying the apartments, and from whom the defendant is collecting the rents; that on June 14, 1922, Camille Schumacher conveyed the premises to the complainant; that thereafter the complainant terminated the lease by giving due notice to the defendant; that the defendant refused to deliver the possession of the premises to the complainant; that the complainant began an action against the defendant in the municipal court of the City of Chicago to recover possession of the premises; that judgment was rendered in favor of the complainant and that the defendant appealed to this court; that by reason of the pendency of the appeal the complainant cannot obtain possession of the premises; that the lease from Camille Schumacher to the defendant has expired and that no other lease has been made to the defendant; that the defendant has begun an action for the right of possession of the premises in the municipal court for the purpose of evicting one of the tenants; that the premises are incumbered with a first mortgage for $18,000 and with a second mortgage for $5,000, and that both of the mortgages contain provisions that the owner of the premises shall keep and maintain the premises in good condition and repair; that the premises are in need of repair and that the defendant has failed to make the necessary repairs (the repairs that are needed are set out in detail) ; that the complainant has been notified by the owners and holders of the mortgages that unless the premises are immediately put in good order and repair, the mortgages will be declared due and payable, foreclosure proceedings will be begun, and that a receiver will be applied for to take charge of the premises; that if the premises are allowed to remain in the control of the defendant, and the complainant is prevented from taking possession, irreparable loss and injury will result to the complainant;

that the complainant has an insurance policy to indemnify her against possible loss or damage occasioned by accidental injury to persons rightfully on the premises; that by the terms of the policy the complainant is required to keep the premises in good order and repair; that if she fails to perform the agreement the policy of insurance provides that it may be canceled; that the complainant has been notified by the insurance company that unless she made the repairs the policy of insurance will be canceled; that the defendant has no property or assets and that a judgment against him would be unavailing and uncollectible. The complainant prays that an account be taken of all of the money collected by the defendant from the tenants; that the tenants be adjudged to be tenants of the complainant; that a receiver be appointed to collect the rents and to protect the property from waste; that the defendant be enjoined from collecting the rents and that the tenants be enjoined from paying rent to the defendant.

The defendant demurred to the bill. The demurrer was overruled, and a decree was entered in favor of the complainant granting substantially the prayer of the bill with the exception of the injunction.

It is contended by counsel for the defendant that the bill should have been dismissed because it appears "on the face of the bill" that the complainant had a complete and adequate remedy at law. The remedy which counsel for the defendant maintain the complainant could have pursued was that of another action of forcible detainer, which, according to counsel, could have been brought for the reason that the bill alleges that the lease had terminated. If another action of forcible detainer was permissible, it would not have afforded the complainant complete and adequate relief. The relief that is sought is the preservation of the property which is in litigation. If the complainant should succeed in another action of forcible de-

tainer, the defendant could appeal from the judgment just as he did in the first action of forcible detainer, and the parties would be in a similar situation to the one presented by the bill of the complainant in the case at bar. The rule is that "It is necessary" to the defense of an adequate remedy at law "that the remedy should be as clear, efficient, complete and effectual as in equity." *People v. Bordeaux*, 242 Ill. 327, 336. It is also the rule that "If the remedy in equity is more adequate because of some special circumstance of the situation, the jurisdiction of equity will be sustained." *Warfield-Pratt-Howell Co. v. Williamson*, 233 Ill. 487, 494, 498. We do not think that the bill of complaint on its face shows that the complainant had a complete and adequate remedy at law.

It is further contended by counsel for the defendant that "the Appellate Court had exclusive jurisdiction of the subject-matter and the parties" by virtue of the appeal, and that, therefore, the circuit court was without authority "to interfere" pending the appeal. We do not think that the contention of counsel is correct. The argument of counsel for the defendant proceeds on the theory that a conflict of jurisdiction would arise, but in our opinion such a question is not presented. The grounds for relief in the case at bar do not affect the merits of the controversy on appeal in the Appellate Court. The equity jurisdiction exercised by the circuit court will not interfere with the jurisdiction of the Appellate Court, as counsel for the defendant incorrectly maintain that it will. The jurisdiction of the circuit court is only invoked for the purpose of giving aid to the action pending on appeal in the Appellate Court. By the weight of authority it is a well-recognized province of equity jurisdiction to give aid to an action in another court, either by injunctive process or by the appointment of a receiver whenever either or both of these remedies are necessary to preserve the existing status of property until

the proper disposition of the property has been determined in litigation then pending respecting the property, provided irreparable damage may result if the existing status of the property is not preserved.

We have not been referred to any decisions of the Supreme Court of Illinois which announce this precise doctrine, but the rule is well established by the authorities in other jurisdictions. *Erhardt v. Boaro,* 113 U. S. 537, 538; *Lanier v. Alison,* 31 Fed. 100, 102; *Underground Elec. Rys. Co. v. Owsley,* 176 Fed. 26, 35, 36; *Freer v. Davis,* 52 W. Va. 1, 8-12; *Wood v. Braxton,* 54 Fed. 1005, 1008-1010; *Wadsworth v. Goree,* 96 Ala. 227, 231; *Huffman v. Hummer,* 17 N. J. Eq. 263, 268.

Formerly courts of equity would not restrain trespass or waste where it appeared from the pleadings that there was a controversy about the title. But in recent years the rule has been greatly modified. The authority of courts of equity is now exercised to preserve property from destruction or waste pending legal proceedings involving the determination of the title. *Erhardt v. Boaro, supra; Lanier v. Alison, supra; Freer v. Davis, supra.*

From the principle announced in the decisions which we have cited it would follow analogously that a court of equity would lend its aid, on a proper showing, to preserve the *status quo* of property involved in an action in which an appeal was pending. This question, so far as we are able to discover, has not been decided by the Supreme Court of our State, but there are decisions in which it has been expressly adjudicated. In the case of *Baker v. National Biscuit Co.,* 96 Ill. App. 228, 229, it was held, although without any discussion or citation of authorities, that an injunction was properly granted to restrain a tenant from removing or interfering with certain trade fixtures pending an appeal which had been taken from an order dissolving an injunction.

In the case of *Mobile & B. R. Co. v. Louisville & N. R. Co.*, 190 Ala. 417, the question was carefully and thoroughly considered in an opinion holding that an injunction would lie to restrain a threatened trespass and to preserve the *status quo* in respect of property involved in a proceeding pending on appeal. The court said (pp. 419, 421, 422):

"The bill was not one to stay the judgment of the circuit court or of any other court; it sought no relief as against that judgment or any other judgment. The sole equity of the bill was to restrain a threatened trespass, in the tearing up of complainant's railroad tracks which had been laid in accordance with the law and the statutes, until the correctness of the judgment in the circuit court could be tested by appeal, which was authorized by statute. The bill sought only to have the court of chancery, by proper injunction or restraining order, to maintain the *status quo* of the crossing, pending the appeal from the circuit court to the Supreme Court. This is a separate and distinct ground of equity jurisdiction, though jurisdiction for that purpose is not often invoked or exercised.  *  *  *  The rule we here announce is not contrary to the rule often announced by us, that equity will not interfere where the controversy resolves itself into a naked dispute as to the strength of legal titles.  *  *  *  The real merits of the rights of these litigants, as to the crossing in question, are now before this court, on the appeal from the circuit court, and will therefore be decided on that appeal. They cannot be decided on this appeal, because not litigated in the chancery court, from which this appeal is prosecuted. In fact, as before stated, the equity of the suit in chancery was to maintain the *status quo* until the appeal from the judgment in the circuit court, which will settle the respective rights of the parties as to the crossing, can be determined."

In the case of *Woods v. Riley,* 72 Miss. 73, in which the question was considered at some length, the court said (p. 77):

"Clearly, the relief sought by the complainant in this cause is such as falls within the auxiliary or ancillary jurisdiction of equity, and which, under the former practice in equity, was generally withheld until the right at law had been established, but which, under the modern practice, was frequently afforded."

To the same effect are the following cases: *People's Traction Co. v. Central Passenger Ry. Co.*, 67 N. J. Eq. 370, 372, 373; *Wood v. Braxton*, 54 Fed. 1005, 1009, 1010.

Counsel for the defendant argue that "the sole question, as made by the bill in this cause, was the right of possession in the defendant, purely a legal matter," and that, therefore, "a court of equity has no jurisdiction." The rule invoked by counsel for the defendant rests upon the principle that parties having legal rights should be remitted to courts of law for their vindication, and that jurisdiction in equity should be denied until the legal rights are established by law. In modern practice the rule is nowhere so rigid as that which originally prevailed, and the tendency of courts of equity now is to extend relief temporarily so as to protect against irreparable injury pending proceedings at law to establish a legal right. *Woods v. Riley, supra.*

Counsel for the defendant further maintain that the demurrer to the bill should have been sustained for the reason that "the bill on its face shows that the sole object is for the appointment of a receiver, and the authorities all hold that a bill solely for the appointment of a receiver cannot be maintained; and courts of equity have no jurisdiction to appoint a receiver unless a suit is pending for independent relief."

It is true that the general rule is that a receiver should not be appointed except in a pending cause (*Baker v. Backus' Adm'r*, 32 Ill. 79, 96; 34 Cyc., p. 28; 23 R. C. L., p. 12); and that the appointment of a receiver is an ancillary remedy (34 Cyc. 29), and not the sole, primary object of a suit (34 Cyc. 30).

The rule, however, does not necessarily require that the litigation should be pending in the court of equity itself. If the receivership is ancillary to another proceeding that is pending, the rule is substantially complied with. *Underground Elec. Rys. Co. v. Owsley,* 176 Fed. 26, 34. In *Ulman v. Clark,* 75 Fed. 868, a receiver was appointed in a separate proceeding to take charge of "the royalties, rents and profits" of land in litigation in an action of ejectment.

In the case at bar the appointment of the receiver was not the sole, primary object of the suit. The receivership was ancillary to the action of forcible detainer which was pending in the Appellate Court, and the suit in which the receiver was appointed had for its primary purpose the preservation of the property in the action of forcible detainer.

In our opinion the decree of the lower court should be affirmed.

*Decree affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.